RONALD J. TENPAS
Acting Assistant Attorney General
BRUCE S. GELBER
Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C. 20044-7611
REGINA R. BELT, Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-3456
Facsimile: (907) 271-5827
E-Mail: regina.belt@usdoj.gov
*Attorneys for Plaintiff United States*

MARLYS S. PALUMBO
Van Ness Feldman, P.C.
719 Second Avenue, Suite 1150
Seattle, Washington 98104
Telephone: (206) 623-9372
Facsimile: (206) 623-4986
E-mail: msp@vnf.com

*Attorney for Defendants Icicle Seafoods, Inc.
and Evening Star, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:06-cv-00268-JWS |
| Plaintiff, | |
| v. | STIPULATION OF SETTLEMENT AND JUDGMENT |
| ICICLE SEAFOODS, INC. and EVENING STAR, INC., | |
| Defendants. | |

STIPULATION OF SETTLEMENT AND JUDGMENT
Case No. 3:06-cv-00268-JWS

*WHEREAS* the United States of America, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), commenced this action by filing a Complaint for Civil Penalties and Injunctive Relief ("Complaint") on November 22, 2006, alleging violations, beginning in 2000, by Icicle Seafoods, Inc. ("Icicle") and Evening Star, Inc. ("Evening Star") (collectively, "Defendants") of Section 301 of the Clean Water Act ("Act"), 33 U.S.C. § 1311, or of conditions or limitations of National Pollutant Discharge Elimination System individual permit No. AK-005286-8 ("Permit") issued by EPA under Section 402 of the Act, 33 U.S.C. § 1342, for discharges to Udagak Bay from the seafood processing vessel M/V *Northern Victor;*

*WHEREAS* Icicle conducted dredging operations in Udagak Bay beginning in December of 2006 and ending in March of 2007 that have resulted in a satisfactory removal of the historic seafood waste pile known as "Pile A";

*WHEREAS* the 2006 dive survey conducted by Icicle indicated that the active seafood waste pile (Pile "B") to which the M/V *Northern Victor* is authorized to discharge no longer exceeded the 1.5-acre zone-of-deposit limitation of the Permit;

*WHEREAS* the United States, Icicle and Evening Star (the "Parties") agree that it is in the public interest to resolve this matter without litigation and have negotiated this Stipulation of Settlement and Judgment in good faith to avoid litigation and the risks inherent therein;

*NOW THEREFORE*, before the taking of any testimony, without adjudication or admission of any issue of fact or law other than those appearing in Defendants' Answer To Complaint For Civil Penalties And Injunctive Relief, and with the consent of the Parties,

IT IS HEREBY ADJUDGED, ORDERED, and DECREED as follows:

A. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and 33 U.S.C. §§ 1311 and 1319(b), and over the Parties. Venue lies in this District pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the events or omissions that gave rise to the claims in the Complaint, or a substantial part of them, occurred in this district and because the Defendants are located or reside

or are doing business in this district. For the purposes of this Stipulation of Settlement and Judgment, or any action to enforce it, Defendants consent to the Court's jurisdiction over this Stipulation of Settlement and Judgment and any such action and over Defendants and consent to venue in this judicial district.

B. For purposes of this Stipulation of Settlement and Judgment, Defendants agree that the Complaint states claim upon which relief may be granted pursuant to Section 301, 309, and 402 of the Act, 33 U.S.C. §§ 1311, 1319, and 1342.

C. The obligations of this Stipulation of Settlement and Judgment apply to and are binding upon the United States and upon Defendants and their successors. Any change in the ownership or corporate status of Defendants or either of them shall not alter their obligations hereunder.

D. Within five business days of entry by the Court of this Stipulation of Settlement and Judgment, Defendants shall pay to the United States via electronic funds transfer ("EFT") a civil penalty of $900,000 in accordance with instructions provided by the Financial Litigation Unit of the Office of the United States Attorney for the District of Alaska. The EFT documents shall refer to U.S.A.O. file number 2007Z00068\001 and DOJ case number 90-5-1-1-07395/1. Payments by EFT must be received at the Department of Justice lockbox bank by 4:00 P.M. (Eastern Time) to be credited on that day. Copies of the payment and transmittal documents shall be mailed to:

> Chief, Environmental Enforcement Section
> Environmental Enforcement Section
> Environment & Natural Resources Division
> United States Department of Justice
> P.O. Box 7611 Ben Franklin Station
> Washington, D.C. 20044-7611
>
> and
>
> Cara Steiner-Riley
> Assistant Regional Counsel
> U.S.E.P.A. Region 10
> 1200 Sixth Avenue M/S ORC-158
> Seattle, Washington 98101

STIPULATION OF SETTLEMENT AND JUDGMENT
Case No. 3:06-cv-00268-JWS             - 3 -

Case 3:06-cv-00268-JWS   Document 26   Filed 09/18/07   Page 3 of 10

E. In the event that Defendants do not comply with the payment obligations of Paragraph D above, they shall pay a stipulated penalty to the United States in the amount of five thousand dollars ($5,000) per day for each day that the civil penalty remains unpaid. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph D above for payment of the civil penalty. Further, interest shall accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. If payment specified in Paragraph D is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation of Settlement and Judgment and reinstate this action.

F. Within ten business days of receipt of all amounts due under this Stipulation of Settlement and Judgment, the United States shall file a notice with the Court that full payment has been made.

G. Defendants' payment of the civil penalty identified in Paragraph D above and any stipulated penalties and interest required by Paragraph E above shall constitute a complete settlement and shall be in full satisfaction of the United States' claims for civil penalties for the violations of the Clean Water Act alleged in the Complaint. This Stipulation of Settlement and Judgment is limited to the civil claims under the Clean Water Act that are expressly alleged in the Complaint. This Stipulation of Settlement and Judgment is not intended to, nor shall it be construed to, operate in any way to resolve any civil claims other than those expressly alleged in the Complaint or any criminal liability of Defendants. The Parties expressly recognize that this Stipulation of Settlement and Judgment does not address and does not constitute settlement or satisfaction of any claims that the United States or EPA may have with respect to Pile "B" other than those pertaining to exceedances of the 1.5-acre zone of deposit limitation contained in Section I.E.2. of the Permit that occurred through June 10, 2005.

H. Nothing in this Stipulation of Settlement and Judgment shall be construed to release Defendants or their agents, successors, or assigns from their respective obligations to comply with any applicable Federal, State, or local law, regulation, or permit. Nothing contained herein shall be

construed to prevent or limit the United States' rights to obtain penalties or injunctive relief under the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, or any other law for other alleged violations.

I. Defendants shall not deduct any penalties paid pursuant to this Stipulation of Settlement and Judgment in calculating their federal income tax.

J. This Stipulation of Settlement and Judgment shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment pursuant to 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation of Settlement and Judgment disclose facts or considerations indicating that the Stipulation of Settlement and Judgment is inappropriate, improper, or inadequate. Defendants consent to the entry of this Stipulation of Settlement and Judgment without further notice and agree not to withdraw from or oppose its entry by the Court or to challenge any provision herein, unless the United States has notified Defendants in writing that it no longer supports entry of this Stipulation of Settlement and Judgment.

K. The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation of Settlement and Judgment through the date that payment is made in accordance with the provisions herein.

L. This Stipulation of Settlement and Judgment shall be considered an enforceable judgment solely for purposes of post-judgment collection of any unpaid civil and/or stipulated penalties and interest referred to in Paragraphs D and E above, in accordance with Rule 69 of the Federal Rules of Civil Procedure; the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3008; and any other applicable statutory authority without further order of this Court. In the event all or any portion of the civil penalty amount referred to in Paragraph D above is not paid in accordance with the provisions of this Stipulation of Settlement and Judgment, Defendants shall be liable for attorneys' fees and costs incurred by the United States in collecting any amounts due thereunder.

M. Nothing in this Stipulation of Settlement and Judgment creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation of Settlement

and Judgment of Settlement.

N. Except as to those civil claims expressly alleged in the Complaint and resolved in this Stipulation of Settlement and Judgment, in any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties or other appropriate relief relating to the M/V *Northern Victor*, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

O. The undersigned representatives of Icicle, Evening Star, the Deputy Chief of the Environmental Enforcement Section, and the Regional Counsel of EPA certify that each is fully authorized to enter into the terms and conditions of this Stipulation of Settlement and Judgment and to bind legally the party he or she represents to this document.

P. Except as set forth in Paragraph L of this Stipulation of Settlement and Judgment, each party shall bear its own costs and attorneys' fees in this action.

Q. There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation of Settlement and Judgment.

R. This Stipulation of Settlement and Judgment may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

DATED this __18__ day of September, 2007.

/s/ JOHN W. SEDWICK
JOHN W. SEDWICK
United States District Judge

**FOR THE UNITED STATES:**

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

DATED: 6/29/07

*(signature)*

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C. 20044-7611

DATED: _____

REGINA R. BELT, Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
801 B Street Suite 504
Anchorage, Alaska 99501-3657

DATED: _____

EDWARD J. KOWALSKI
Regional Counsel
U.S. Environmental Protection Agency
Region 10 – ORC 158
1200 Sixth Avenue
Seattle, Washington 98101

STIPULATION OF SETTLEMENT AND JUDGMENT
Case No. 3:06-cv-00268-JWS                                                        - 7 -

*FOR THE UNITED STATES:*

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

DATED: _____

_____
BRUCE S. GELBER
Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C. 20044-7611

DATED: 28 June 2007

*/s/ Regina R. Belt*
REGINA R. BELT, Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
801 B Street Suite 504
Anchorage, Alaska 99501-3657

DATED: _____

_____
EDWARD J. KOWALSKI
Regional Counsel
U.S. Environmental Protection Agency
Region 10 – ORC 158
1200 Sixth Avenue
Seattle, Washington 98101

**FOR THE UNITED STATES:**

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

DATED: _____

BRUCE S. GELBER
Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C. 20044-7611

DATED: _____

REGINA R. BELT, Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
801 B Street Suite 504
Anchorage, Alaska 99501-3657

DATED: 6/29/07

EDWARD J. KOWALSKI
Regional Counsel
U.S. Environmental Protection Agency
Region 10 – ORC 158
1200 Sixth Avenue
Seattle, Washington 98101

STIPULATION OF SETTLEMENT AND JUDGMENT
Case No. 3:06-cv-00268-JWS　　　　　　- 7 -

**FOR ICICLE SEAFOODS, INC.**

DATED: 6/27/07

TERRY L. LEITZELL
General Counsel
Icicle Seafoods, Inc.
P. O. Box 79003
Seattle, Washington 98119

DATED: 6/27/07

DON GILES
President
Icicle Seafoods, Inc.
P. O. Box 1147
Petersburg, Alaska 99833

**FOR EVENING STAR, INC.**

DATED: 6/27/07

DON GILES
President
Evening Star, Inc.
P. O. Box 1147
Petersburg, Alaska 99833